UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE RAMOS, individually and on behalf of all :
other employees similarly situated; FRANCIS :
RIVERA, individually and on behalf of all other :
employees similarly situated; and GUILLERMO :
IGNACIO, individually and on behalf of all :
other employees similarly situated, :
                    Plaintiffs, :
 :
v. :
 :
GREENWICH CATERING CORP. d/b/a :
Turkiss; EB2, INC. d/b/a Turkiss; MARK :
KOHLER a/k/a Max; and CANTURK YILMAZ :
a/k/a John, :
                 Defendants. :
-------------------------------------------------------------x

**MEMORANDUM**
**OPINION AND ORDER**

18 CV 4790 (VB)

Briccetti, J.:

By Order dated February 7, 2020, the Court adopted Magistrate Judge Sarah Netburn's
Report and Recommendation ("R&R") on plaintiffs' motion for entry of default judgment
against defendants. (Doc. #72). The Court thereby (i) granted in part and denied in part the
motion for default judgment; (ii) awarded plaintiff Jose Ramos $53,816.80 in damages, plaintiff
Francis Rivera $20,893.99 in damages, and plaintiff Guillermo Ignacio $26,784.00 in damages;
and (iii) denied without prejudice to refiling with proper documentation plaintiffs' application for
attorneys' fees and costs. (Id.).

Now pending is plaintiffs' renewed and unopposed application for attorneys' fees and
costs. (Doc. #69).

For the reasons set forth below, the Court awards plaintiffs $12,651 in attorneys' fees and
costs.

Familiarity with the factual and procedural background of this case is presumed.

1

**DISCUSSION**

I.   <u>Legal Standard</u>

Both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL")

allow a prevailing plaintiff to recover a reasonable attorney's fee and costs.  <u>See</u> 29 U.S.C.

§ 216(b); N.Y. Lab. Law § 198(1-a).  "District courts enjoy broad discretion when setting a fee

award, but they must clearly and concisely state reasons supporting the award." <u>Tackie v. Keff</u>

<u>Enters. LLC</u>, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014).[1]

This Court utilizes the "lodestar" method to assess a reasonable attorney's fee.  <u>Millea v.</u>

<u>Metro-North R.R.</u>, 658 F.3d 154, 166 (2d Cir. 2011).  "[T]he lodestar—the product of a

reasonable hourly rate and the reasonable number of hours required by the case—creates a

presumptively reasonable fee." <u>Id</u>.  This lodestar method requires the party seeking fees to

identify contemporaneous time records, specifying "each attorney, the date, the hours expended,

and the nature of the work done." <u>N.Y.S. Ass'n for Retarded Children, Inc. v. Carey</u>, 711 F.2d

1136, 1148 (2d Cir. 1983).

The attorney's rate must square with those "prevailing in the community for similar

services by lawyers of reasonably comparable skill, experience, and reputation." <u>Mirologio</u>

<u>S.P.A. v. Conway Stores, Inc.</u>, 629 F. Supp. 2d 307, 314 (S.D.N.Y. 2009) (quoting <u>Reiter v.</u>

<u>MTA N.Y.C. Transit Auth.</u>, 457 F.3d 224, 232 (2d Cir. 2006)).  Ultimately, the rate used in

determining a fee award should be what "a reasonable, paying client would be willing to pay."

<u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 184 (2d

Cir. 2008).  In assessing the rate, the Court must:

---

[1]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.  The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case.

Id. at 190.

Following an assessment of counsel's rate, the Court must make "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'"  Reiter v. Metro. Transp. Auth. of N.Y., 2007 WL 2775144, at *9 (S.D.N.Y. Sept. 25, 2007) (quoting Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992).  In its discretion, the Court may reduce the identified number of hours to account for overbilling, duplicative work, and the like.  LV v. N.Y.C. Dep't of Educ., 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010).  Indeed, the Court may reduce the number of hours for work that is "excessive, redundant, or otherwise unnecessary."  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

When calculating the lodestar, the Court must also remain mindful of the factors set forth in Johnson v. Georgia Highway Exp., Inc.:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 186 n.3 (citing Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 716 (5th Cir. 1974)).

II.     <u>Application</u>

For the reasons set forth below, plaintiffs' request for $17,356 in attorneys' fees and costs is excessive.  In an exercise of its discretion, the Court instead awards plaintiffs $12,651.

A.     <u>Attorneys' Rates</u>

Plaintiffs' counsel's requested hourly rates are as follows:  $400 per hour for Jian Hang, principal of Hang & Associates, PLLC ("Hang Law"); $300 per hour for Lorena Duarte, a former associate of Hang Law; and $250 per hour for Zindzi Baugh Corbett, an associate of Hang Law.

Hang's rate is consistent with the market rate in this district for experienced attorneys or partners in FLSA and NYLL employment cases of reasonably comparable skill, experience, and reputation.  <u>See</u> <u>Surdu v. Madison Glob., LLC</u>, 2018 WL 1474379, at *10 (S.D.N.Y. Mar. 23, 2018).  In addition, Corbett's rate is consistent with the market in this district for associate attorneys in FLSA and NYLL employment cases.  <u>Zokirzoda v. Acri Café Inc.</u>, 2020 WL 359908, at *7 (S.D.N.Y. Jan. 22, 2020).  However, Duarte's rate is unreasonably high in light of the simplicity of the issues in this case and also the rate she has charged in similar cases in this district during the same timeframe.  <u>See</u>, <u>e.g.</u>, <u>Monica v. Deals on Broadway Corp.</u>, 2019 WL 266679, at *3 (S.D.N.Y. Jan. 18, 2019) (referencing Duarte's attorney's fee submission, which reflects an hourly rate of $275 for work completed in 2018).  Accordingly, the Court reduces Duarte's hourly rate to $275.

4

B.     Number of Hours Billed

The Court has carefully reviewed Hang Law's invoice, which reflects Hang billed 6.5 hours of work, Duarte billed 41.6 hours of work, and Corbett billed 5 hours of work in connection with this matter.[2]  The Court accepts as reasonable counsel's time expenditures, except as set forth below:

1.    The Court declines to award attorneys' fees for time expended drafting the instant application, as such time was not spent pursuing plaintiffs' claims and could have been avoided if counsel had properly submitted the application as part of plaintiffs' motion for default judgment.  Accordingly, the Court disregards 4.80 hours of time, billed at $250 per hour ($1,200), and 1.80 hours of time, billed at $400 per hour ($720), expended on the instant application.

2.    The Court disallows Corbitt's 0.20 hours billed on January 17, 2020, for preparing and filing a notice of appearance, which was filed after Judge Netburn issued the R&R.  Indeed, based on counsel's invoice, it appears Corbitt appeared in this action only to draft and prepare the instant application.  The Court therefore disallows 0.20 hours of Corbitt's time, billed at $250 per hour ($50), as well as 0.10 hours, billed at $400 per hour, for Hang's review of Corbitt's notice of appearance ($40).

3.    The Court disallows as duplicative 0.40 hours expended refiling the original complaint, and 0.20 hours expended refiling the amended complaint.  These documents were refiled due to counsel's own filing errors.  Thus, the Court disallows 0.60 hours, assessed at $275 per hour ($165).

---

[2]     Hang's declaration states incorrectly that he billed 6.3 hours of work and that Duarte billed 41.8 hours of work.  And it is consistent:  the invoice notes a total fee expenditure of $16,310, but the individual time entries on the invoice amount to $16,330.

4.   The Court disallows counsel's time expended with respect to plaintiffs' first application for the Clerk's entry of defendants' default.  After the Clerk entered defendants' default in August 2018, counsel requested leave to file, and did file, an amended complaint.  In January 2019, counsel again sought the Clerk's entry of defendants' default after defendants failed to respond to the amended complaint.  Accordingly, the Court disallows as duplicative counsel's time expended from August 16, 2018, to August 22, 2018, as follows:  2.6 hours, assessed at $275 per hour ($715), and 0.20 hours, billed at $400 per hour ($80).

5.   Counsel's 1.70 hours expended on July 20, 2018, for drafting a half-page letter regarding the status of service in this case, is excessive.  A reasonable amount of time to have spent drafting and filing the status report is 0.50 hours.  Thus, the Court reduces this expenditure by 1.2 hours, assessed at $275 per hour ($330).

6.   Counsel's 1.60 hours expended on April 19, 2019, for drafting and filing an affidavit of service of plaintiffs' motion for default judgment, is excessive.  A reasonable amount of time to have spent drafting and filing a form affidavit of service is 0.20 hours.  Thus, the Court reduces this expenditure by 1.40 hours, assessed at $275 per hour ($385).

7.   Counsel's 3.20 hours expended on September 7, 2018, for meeting with one of the three plaintiffs and preparing his affidavit, is excessive.  On September 6, 2018, counsel spent 1.10 hours and 1.20 hours, respectively, for similar meetings with and work regarding the other two plaintiffs in this case.  Accordingly, the Court reduces this expenditure by 2.0 hours, assessed at $275 per hour ($550).

Accordingly, the Court finds that an appropriate and reasonable fee award to be 4.40 hours of work at a rate of $400 per hour ($1,760), and 35.80 hours of work at a rate of $275 per hour ($9,845), for a total of $11,605 in attorneys' fees.

6

As for costs, the Court accepts plaintiffs' requested amount, comprising a court filing fee ($400) and charges for service of process ($646).  Such costs are "the types of legitimate expenses that would normally be charged to clients."  Zimmerman v. Portfolio Recovery Assocs., LLC, 2013 WL 6508813, at *4 (S.D.N.Y. Dec. 12, 2013).  Accordingly, plaintiffs are awarded $1,046 in reimbursable costs.

Therefore, the total award is $12,651.

## CONCLUSION

The Court awards plaintiffs attorneys' fee and costs in the total amount of $12,651.

The Court will enter Judgment in accordance with this Memorandum Opinion and Order as well as the Court's prior Order adopting Judge Netburn's Report and Recommendation.

The Clerk is instructed to terminate the motion.  (Doc. #69).

Dated: February 19, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge